Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERINA ARANDA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOANDEPOT.COM, LLC, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.; and<br>(2) Violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, *et seq.*<br><br>**Jury Trial Demanded** |

Plaintiff SERINA ARANDA ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## INTRODUCTION

1. Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* (the "CCRAA") against Defendant LOANDEPOT.COM, LLC (hereinafter "Defendant") to stop Defendant's practice of using or obtaining consumer credit reports without a permissible purpose and to obtain redress for a nationwide class of consumers ("Class Members").

2. Defendant performed hard inquiries into Plaintiff's and Class Members' consumer credit reports without a permissible purpose, in violation of 15 U.S.C. § 1681b(f) and Cal. Civ. Code § 1785.31.

3. Plaintiff seeks statutory, actual, and punitive damages for herself and class members, injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of California and violated Plaintiff's and Class Members' rights under the FCRA in the State of California as alleged more fully below.

5. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff SERINA ARANDA is a citizen and resident of the State of California, County of Sacramento, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant LOANDEPOT.COM, LLC is a Delaware limited liability company with its principle place of business located in California and is a "person" as defined by 15

U.S.C. §1681a(b).

8. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

9. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all of its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

10. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant aided and abetted the acts and omissions as alleged herein.

11. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## FACTUAL ALLEGATIONS

12. On or around August 14, 2019, Plaintiff sought to obtain options for refinancing from LendingTree, an online lending marketplace.

13. The only information Plaintiff provided to LendingTree was her name, contact information, and loan amount.

14. Plaintiff did not disclose her social security number or date of birth.

15. On or about August 15, 2019, Plaintiff was contacted by a representative of Defendant, who requested that she verify her date of birth and last four digits of her social security number.

16. Plaintiff believed that Defendant's representative, who identified himself as Ryan Singer ("Singer"), was requesting her information for purposes of verifying her identity.

17. Unbeknownst to Plaintiff, Defendant had acquired her personal information from LendingTree.

18. Shortly after her conversation with Defendant, Plaintiff discovered a hard inquiry on her credit report.

19. Defendant never asked for Plaintiff's permission to place hard inquiry into her consumer credit report, and Plaintiff never gave Defendant her implied or express consent to do so.

20. On August 19, 2019, Plaintiff received an email from Defendant's representative, Aara Madland ("Madland").

21. In said email, Madland wrote, "[w]hen submitting a loan inquiry through lendingtree.com, the consumer provides consent to pull a *soft* credit inquiry." (emphasis added).

22. Madland further stated that "[b]ased on the review of the loan file and the recorded call, [Singer] did not advise that he would be pulling a tri-merge credit report, nor did you provide verbal consent to do so."

23. As a result of Defendant's unlawful and impermissible pull of her credit report, Plaintiff suffered damage to her credit and monetary loss connected with the delay caused to her refinancing.

24. Plaintiff has also had to expend significant time and effort in attempting to remedy Defendant's damaging error.

25. Defendant's impermissible inquiry negatively reflects upon Plaintiff, Plaintiff's credit report, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

26. Plaintiff has been damaged, and continues to be damaged, in the following ways:

  a. Emotional distress and mental anguish associated with having an unauthorized hard inquiry placed on her consumer credit report;

  b. Decreased credit score and out of pocket losses related to delays in refinancing.

  c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

  d. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

  e. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of Plaintiff.

27. Defendant violated section 1681b(f) of the FCRA by willfully and negligently using or obtaining a consumer report without a permissible purpose.

28. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

29. As a result of Defendant's unlawful practices, described herein, Plaintiff has suffered emotional distress, wasted time, and anxiety.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure § 23.

31. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, had hard inquiries placed on their consumer credit reports by Defendant without their authorization.

32. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

33. Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

34. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

35. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

36. No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class Members and Defendant.

37. Rather, all claims in this matter arise from the identical, unauthorized actions of Defendant toward Class Members.

38. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681b;

    (b) Whether Defendant violated Cal Civ. Code § 1785.31;

    (c) Whether Plaintiff and Class Members have been injured by Defendant's conduct;

    (d) Whether Plaintiff and Class Members are entitled to declaratory and/or injunctive relief; and

    (e) The method of calculation and extent of damages for Plaintiff and Class Members.

39. Plaintiff is a member of the Class she seeks to represent.

40. Plaintiff has no interest adverse or antagonistic to the interests of the other Class Members.

41. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member. Plaintiff's claims are typical of all Class Members as demonstrated herein.

42. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

43. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation Of The Fair Credit Reporting Act

## 15 U.S.C. § 1681, *et seq.*

44. Plaintiff reincorporates by reference all of the preceding paragraphs.

45. Plaintiff brings this cause of action for herself and on behalf of the Class.

46. Defendant's unauthorized inquiry into Plaintiff and Class Members' consumer credit reports constitutes one or more violations of 15 U.S.C. § 1681, et seq.

47. Section 1681b(f) of the FCRA prohibits any person from using or obtaining "a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished" under section 1681b of the FCRA.

48. As admitted by its own representative, Defendant never obtained Plaintiff's consent or authorization to place a hard inquiry on her consumer credit report.

49. As a result of the above violations of the FCRA, Defendant is liable to Plaintiff and the Class Members for actual damages, statutory damages, attorney's fees and costs.

50. Defendant's violations of the FCRA were willful, giving rise to liability under 15 U.S.C. § 1681n, or in the alternative, negligent, giving rise to liability under 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION

### Violation Of The California Consumer Credit Reporting Agencies Act

### Cal Civ. Code § 1785.1, *et seq.*

51. Plaintiff reincorporates by reference all of the preceding paragraphs.

52. Plaintiff brings this cause of action for herself and on behalf of the Class.

53. Section 1785.31 of the CCRAA prohibits obtaining a consumer credit report under false pretenses or knowingly without a permissible purpose.

54. As detailed herein, Defendant lacked a permissible purpose at all times with respect to using and/or obtaining Plaintiff's and Class Members' consumer credit reports.

55. As a result of the above violations of the CCRAA, Defendant is liable to Plaintiff and the Class Members for actual damages, statutory damages, attorney's fees and costs.

## PRAYER FOR RELIEF

56. Plaintiff, on behalf of herself and the Class, requests the following relief:

   (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

   (b) An order certifying the undersigned counsel as Class Counsel;

   (c) An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful conduct herein;

   (d) Actual damages suffered by Plaintiff and Class Members;

   (e) Punitive damages, as allowable, in an amount determined by the Court or jury;

   (f) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

   (g) Pre- and post-judgment interest; and

   (h) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

**REQUEST FOR JURY TRIAL**

57. Plaintiff requests a trial by jury as to all claims so triable.

Dated: April 13, 2021         Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By:   s/Todd M. Friedman
       TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff SERINA ARANDA