Squire Patton Boggs (US) LLP
Eric J. Troutman (State Bar # 229263)
eric.troutman@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:   +1 213 624 2500
Facsimile:   +1 213 623 4581

Attorney for Defendant
LOANDEPOT.COM, LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERINA ARANDA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOANDEPOT.COM, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00670<br><br>**DEFENDANT LOANDEPOT.COM, LLC'S NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: July 8, 2021<br>Time: 2:00 PM<br>Courtroom: 7<br>Judge: Hon. Morrison C. England, Jr. |

PLEASE TAKE NOTICE that on July 8, 2021, or as soon thereafter as this matter may be heard in Courtroom 7 of the above-entitled Court, located at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Defendant loanDepot.com, LLC ("loanDepot") will and hereby does move this Court to dismiss the Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, and any other and further argument and evidence as may be presented at the time of the hearing.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1

Dated:  June 10, 2021

Respectfully submitted,

2

Squire Patton Boggs (US) LLP

3

By:  */s/ Eric J. Troutman*

4

Eric J. Troutman
Attorney for Defendant
LoanDepot.com, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

RELEVANT BACKGROUND ............................................................................................................ 1

I.       Plaintiff Alleges Violations of the FCRA and CCRAA Based on Purported Access to Credit Reports without Authorization. ................................................................................. 1

II.      The FCRA and the CCRAA Explicitly Permit Companies to Access Credit Reports for Permissible Purposes, Including in Connection with a Credit Transaction. ..... 2

LEGAL STANDARD ........................................................................................................................... 3

ARGUMENT .......................................................................................................................................... 4

III.     The Complaint's FCRA Claim Should Be Dismissed Because Plaintiff Fails to Plausibly Plead any Viable FCRA Violations. ................................................................... 4

    A.       Plaintiff Does Not (And Cannot) Allege Any Facts that Give Rise to a Reasonable Inference that loanDepot Lacked a Permissible Purpose. ..................... 5

       1.       The Complaint Contains No Allegations to Support Plaintiff's Legal Conclusion, Couched as a Factual Allegation, That loanDepot Lacked a Permissible Purpose. ................................................................................. 5

       2.       Plaintiff's Purported Lack of "Permission" or "Consent" Is Entirely Irrelevant for Purposes of Her FCRA Claim. ................................................ 7

       3.       The Only Plausible Inference that Can Be Drawn from the Complaint Is that loanDepot Obtained Plaintiff's Credit Report in Connection with a Credit Transaction. ...................................................................................... 9

    B.       The Complaint Fails to Plead the Requisite Mental State for Any Violation of the FCRA. ............................................................................................................ 10

    C.       Plaintiff's Claim for Negligent Violations of the FCRA Must Also Be Dismissed for Failure to Plead Actual Damages. ............................................................... 13

IV.      The CCRAA Claim Fails for the Same Reasons and Should Be Dismissed. ...... 15

V.       CONCLUSION ..................................................................................................................... 18

NOTICE OF MOTION, MOTION, AND MOTION TO DISMISS

**TABLE OF AUTHORITIES**

**Cases**

*Abbink v. Experian Info. Sols.*, No. SA CV 19-1257-JFW(PJWx),
   2019 U.S. Dist. LEXIS 217608 (C.D. Cal. Sep. 20, 2019) ............................................ 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 3, 6, 8, 12

*Banayan v. OneWest Bank F.S.B.*, No. 11-cv-0092-LAB (WVG),
   2012 U.S. Dist. LEXIS 35301 (S.D. Cal. Mar. 14, 2012). ............................................ 4

*Basconcello v. Experian Info. Sols.*, No. 16-cv-06307-PJH,
   2017 U.S. Dist. LEXIS 39844 (N.D. Cal. Mar. 20, 2017) .......................................... 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 3, 4

*Burnthorne-Martinez v. Sephora USA, Inc.,* No. 16-cv-02843-YGR,
   2016 U.S. Dist. LEXIS 162905 (N.D. Cal. Nov. 23, 2016) ........................................ 15

*Campbell v. Anniemac Home Mortg.*, No. CV 16-08795-AB,
   2017 U.S. Dist. LEXIS 222392 (C.D. Cal. Feb. 23, 2017) ........................................ 15

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) ............................................................................... 15, 16

*Crehin v. ARS Nat'l Servs.*, No. 8:13-cv-01497-SVW-JPRx,
   2014 U.S. Dist. LEXIS 5487 (C.D. Cal. Jan. 9, 2014) ................................................ 9

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ....................................................................................... 3

*Duarte v. J.P. Morgan Chase Bank*, No. CV 13-1105-GHK (MANx),
   2014 U.S. Dist. LEXIS 190291 (C.D. Cal. Apr. 7, 2014) .......................................... 17

*Espino v. Winn Residential*, No. 18-cv-02729-JCS,
   2018 U.S. Dist. LEXIS 220926 (N.D. Cal. July 27, 2018), *adopted by* 2018 U.S. Dist.
   LEXIS 220875 (N.D. Cal. Aug. 21, 2018) ............................................... 2, 4, 5, 11, 12

*Ewing v. Wells Fargo Bank*, No. CV11-8194-PCT-JAT,
   2012 U.S. Dist. LEXIS 70310 (D. Ariz. May 21, 2012) ............................................... 6

*Flury v. CSC Credit Servs.*, No. CV11-1166,
   2012 U.S. Dist. LEXIS 11731 (D. Ariz. Feb. 1, 2012) ................................................. 6

*Franklin v. Trans Union, LLC*, No. CV 19-0888-CBM-SHKx,
   2019 U.S. Dist. LEXIS 218039 (C.D. Cal. Oct. 8, 2019) ........................................... 15

*Gadomski v. Equifax Info. Servs.*, No. 2:17-cv-00670-TLN-AC,
   2018 U.S. Dist. LEXIS 76898 (E.D. Cal. May 7, 2018) ................................................ 3

*Gadomski v. Patelco Credit Union, No. 2:17-cv-00695-TLN-AC,*
   2020 U.S. Dist. LEXIS 51070 (E.D. Cal. Mar. 23, 2020) .......................... 4, 13, 14, 15

*Galea v. Wells Fargo Bank, N.A.*,
   388 F. Supp. 3d 1212 (E.D. Cal. 2019) ............................................................... 11, 12

*Guimond v. Trans Union Credit Info. Co.*,
   45 F.3d 1329 (9th Cir. 1995) .................................................................................. 2, 16

*Hutar v. Capital One Fin. Corp.*, No. 15-2100 (MJD/JJK),
   2015 U.S. Dist. LEXIS 106594 (D. Minn. July 27, 2015), *adopted by* 2015 U.S. Dist.
   LEXIS 106776 (D. Minn. Aug. 12, 2015) ................................................................ 9, 10

*Jackson v. Capital Mgmt. Servs., LP*, No. CV 13-8267-DMG-SHx,
   2014 U.S. Dist. LEXIS 191639 (C.D. Cal. July 21, 2014) ......................................... 16

*Jones v. Best Serv. Co.*, No. CV 14-9872 SS,
   2017 U.S. Dist. LEXIS 16456 (C.D. Cal. Feb. 6, 2017) ............................................ 6, 8

*Jugoz v. Experian Info. Sols., Inc.*, No. 16-cv-05687,
   2017 U.S. Dist. LEXIS 97656 (N.D. Cal. June 23, 2017) ...................................... 13, 14

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Kennedy v. Victoria's Secret Stores, Inc.*, No. 03-2691,
    2004 U.S. Dist. LEXIS 19525 (E.D. La. Sep. 28, 2004) ...........................................9

*Kermani v. Law Office of Joe Pezzuto, LLC*,
    993 F. Supp. 2d 1187 (C.D. Cal. Jan. 23, 2014) ...............................................16

*Landeis v. Future Ford*, No. 2:04-CV-2733-MCE-PAN,
    2006 U.S. Dist. LEXIS 39826 (E.D. Cal. June 14, 2006)..................................2, 7

*Laugenour v. Northland Grp.*, No. 2:12-cv-2995 GEB DAD PS,
    2013 U.S. Dist. LEXIS 98565 (E.D. Cal. July 12, 2013)..................................4, 9

*Makreas v. Moore Law Grp., A.P.C.*, No. C-11-2406,
    2011 U.S. Dist. LEXIS 80485 (N.D. Cal. July 25, 2011)....................................6

*Meza v. Experian Info. Sols.*, No. 1:19-CV-01303-AWI-SKO,
    2019 U.S. Dist. LEXIS 215982 (E.D. Cal. Dec. 13, 2019) ..................................3

*Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358,
    2013 U.S. Dist. LEXIS 189380 (C.D. Cal. May 14, 2013) ...........................3, 12

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ......................................................3

*Nayab v. Capital One Bank USA*,
    942 F.3d 480 (9th Cir. 2019) ...............................................................5, 6, 7

*Perl v. Am. Express*, No. 11-Civ-7347,
    2012 U.S. Dist. LEXIS 7719 (S.D.N.Y. Jan. 19, 2012) .................................13

*Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW,
    2003 U.S. Dist. LEXIS 10070 (N.D. Cal. May 5, 2003) ...................................6

*Quinlan v. CitiMortgage, Inc.*, No. 2:11-cv-00986-MCE-EFB,
    2011 U.S. Dist. LEXIS 126714 (E.D. Cal. Nov. 2, 2011) ...............................17

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007).......................................................................................2, 11

*Shostack v. Diller*, No. 15-CV-2255,
    2015 U.S. Dist. LEXIS 123777 (S.D.N.Y. Sep. 16, 2015) ............................10

*Slyzko v. Equifax Info. Servs.*, No. 2:19-cv-00176-JAD-EJY,
    2020 U.S. Dist. LEXIS 52265 (D. Nev. Mar. 23, 2020) ..................................5

*Smith v. Law Offices of Patenaude & Felix, A.P.C.*, No. 13-cv-3061,
    2014 U.S. Dist. LEXIS 100557 (S.D. Cal. July 23, 2014) ...............................6

*Sosa v. CashCall, Inc.*,
    262 Cal. Rptr. 3d 553 (Ct. App. 4th Dist. 2020).............................................3

*Syed v. M-I LLC*, No. 1:14-742,
    2014 U.S. Dist. LEXIS 121123 (E.D. Cal. Aug. 28, 2014) ......................11, 12

*Tailford v. Experian Info. Sols., Inc.*, No. CV 19-02191-CJC (KESx),
    2020 U.S. Dist. LEXIS 220758 (C.D. Cal. Nov. 18, 2020)...........................5, 7

*Thompson v. Prof'l Collection Consultants*, No. CV 13-2474-RGK (JCGx),
    2013 U.S. Dist. LEXIS 194028 (C.D. Cal. Sep. 18, 2013) .............................16

*Trim v. CMRE Fin. Servs.*, No. 20-cv-451-AJB-LL,
    2021 U.S. Dist. LEXIS 48060 (S.D. Cal. Mar. 12, 2021) .................................6

*Trujillo v. First Am. Registry, Inc.*,
    68 Cal. Rptr. 3d 732 (Ct. App. 4th Dist. 2007), *overruled on other grounds*, *First
    Student Cases*, 423 P.3d 953 (Cal. 2018)........................................................17

*Young v. Harbor Motor Works*, No. 2:07-CV-0031,
    2008 U.S. Dist. LEXIS 111909 (N.D. Ind. Dec. 18, 2008), *recommendation adopted*,
    No. 2:07-CV-0031, 2009 U.S. Dist. LEXIS 5721 (N.D. Ind. Jan. 27, 2009) ...............13

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**Statutes**

15 U.S.C. § 1681 ............................................................................................1

15 U.S.C. § 1681b ........................................................... 2, 3, 4, 5, 8, 11

15 U.S.C. § 1681o ........................................................... 13, 14, 15

16 C.F.R. pt. 600, app. ...........................................................2, 7

Cal. Civ. Code § 1785.1...........................................................................1

Cal. Civ. Code § 1785.11.....................................................................3, 16

Cal. Civ. Code § 1785.31.......................................................................17

Fed. R. Civ. P. 12(b)(6).......................................................................1, 3

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's lawsuit against loanDepot rests on a fundamental misunderstanding of the law.  Although Plaintiff asserts that under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. (the "CCRAA"), loanDepot must have express authorization to obtain a credit report, that is simply not the case.  Instead, where a lender obtains a credit report in connection with a credit transaction, it has a "permissible purpose" that authorizes it to obtain the report.  As Plaintiff fails to allege facts demonstrating the absence of a permissible purpose—and indeed alleges facts indicative of such a purpose—the Complaint must be dismissed.

Separately, the Complaint fails to include any factual allegations regarding two additional critical elements of her claim: i) that loanDepot acted willfully or negligently; and ii) that Plaintiff suffered actual damages.  The absence of either allegation is fatal to her claim.  As such the Complaint must be dismissed.

## RELEVANT BACKGROUND

**I.    Plaintiff Alleges Violations of the FCRA and CCRAA Based on Purported Access to Credit Reports without Authorization.**

Plaintiff filed the Complaint on April 14, 2021, alleging that loanDepot and Does 1-10 violated the FCRA and the CCRAA by accessing her credit report without her "permission" or "implied or express consent."  *See* Compl. ¶¶ 19, 44-55.

Plaintiff's claims stem from a pull of her credit report from August 2019.  Plaintiff asserts that on August 14, 2019, she "sought to obtain options for refinancing from LendingTree, an online lending marketplace," and in doing provided her name, contact information, and desired loan amount, but not "her social security number or date of birth."  *Id.* ¶¶ 12-14.  In connection with that refinancing effort, loanDepot obtained her credit report.  *Id.* ¶ 2.  Plaintiff contends it was done without her permission, but does not deny the pull occurred in connection with the financing transaction she had initiated.  *Id.* ¶¶ 12, 19.

NOTICE OF MOTION, MOTION, AND MOTION TO DISMISS

**II.   The FCRA and the CCRAA Explicitly Permit Companies to Access Credit Reports for Permissible Purposes, Including in Connection with a Credit Transaction.**

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).   Section 1681b of the FCRA, which covers "[p]ermissible purposes of consumer reports," "prohibits any person from using or obtaining a consumer report for anything ***other than permissible purposes***." *Espino v. Winn Residential*, No. 18-cv-02729-JCS, 2018 U.S. Dist. LEXIS 220926, at *11 (N.D. Cal. July 27, 2018) (emphasis added), *adopted by* 2018 U.S. Dist. LEXIS 220875 (N.D. Cal. Aug. 21, 2018); *see also* 15 U.S.C. § 1681b(f) ("A person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section . . . .").

The FCRA requires a permissible purpose—***not consent***—to obtain a consumer report.   *See* 15 U.S.C. § 1681b.   "The Federal Trade Commission tasked with promulgating the FCRA's implementing regulations has clarified that section 1681b allows parties to obtain credit reports without the consumer's permission or *over their objections*, as long as the report is being obtained for a permissible purpose." *Landeis v. Future Ford*, No. 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826, at *12 (E.D. Cal. June 14, 2006) (emphasis in original) (quoting 16 C.F.R. pt. 600, app.).[1]   Among other permissible purposes, the FCRA allows disclosure of credit information to an entity that "intends to use the information in connection with a credit transaction" that involves extending credit to the consumer.   15 U.S.C. § 1681b(a)(3)(A).

The CCRAA "mirrors the provisions of the FCRA." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1335 (9th Cir. 1995).   Like the FCRA, the CCRAA was enacted

_____

[1] The FCRA also permits disclosure "[i]n accordance with the written instructions of the consumer." *Id.* § 1681b(a)(2).   However, written instructions or consent ***are not*** required for the statute's other specified permissible purposes, including when credit is pulled in connection with a credit transaction.   *See id.* § 1681b(a)(3)(A).   Rather, explicit written permission of the consumer is only required when credit is being checked for employment purposes.   *See id.* § 1681b(b).

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

to protect consumer privacy.  *See Sosa v. CashCall*, *Inc.*, 262 Cal. Rptr. 3d 553, 559 (Ct. App. 4th Dist. 2020).  The CCRAA, like the FCRA, enumerates the permissible purposes for which a consumer report may be obtained, similar to those under the FCRA.  *See* Cal. Civ. Code § 1785.11.  "[T]he CCRAA permits the release of consumer credit reports for reasons that are essentially the same as those identified in the FCRA . . . ."  *Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358, 2013 U.S. Dist. LEXIS 189380, at *24 (C.D. Cal. May 14, 2013).  Thus, as with the FCRA, these permissible purposes include where the user "[i]ntends to use the information in connection with a credit transaction . . . involving the consumer . . . and involving the extension of credit to . . . the consumer."  Cal. Civ. Code § 1785.11(a)(3)(A); *accord* 15 U.S.C. § 1681b(a)(3)(A).

## LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss "tests the legal sufficiency" of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under Rule 12(b)(6), a complaint should be dismissed where it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To survive a 12(b)(6) motion to dismiss, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A plaintiff must state a claim for relief that is plausible on its face, which "demands more than 'a sheer possibility that a defendant has acted unlawfully.'"  *Gadomski v. Equifax Info. Servs.*, No. 2:17-cv-00670-TLN-AC, 2018 U.S. Dist. LEXIS 76898, at *7 (E.D. Cal. May 7, 2018) (quoting *Iqbal*, 556 U.S. at 678)).

Although the court must accept as true all well-pleaded factual allegations in the complaint on a motion to dismiss, a court "is not bound to accept as true a legal conclusion couched as a factual allegation," "[n]or is a court obliged to credit conclusory allegations."  *Meza v. Experian Info. Sols.*, No. 1:19-CV-01303-AWI-SKO, 2019 U.S. Dist. LEXIS 215982, at *5 (E.D. Cal. Dec. 13, 2019) (internal quotation marks and citation omitted).  "A

complaint does not suffice 'if it tenders naked assertions devoid of further factual enhancement.'" *Banayan v. OneWest Bank F.S.B.*, No. 11-cv-0092-LAB (WVG), 2012 U.S. Dist. LEXIS 35301, at *5 (S.D. Cal. Mar. 14, 2012).  And, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the claim should be dismissed.  *Twombly*, 550 U.S. at 558.

## **ARGUMENT**

**I.    The Complaint's FCRA Claim Should Be Dismissed Because Plaintiff Fails to Plausibly Plead any Viable FCRA Violations.**

To state a claim for civil liability based on § 1681b, a plaintiff must allege sufficient facts to give rise to a reasonable inference that loanDepot obtained her credit report for an impermissible purpose, and that the violation was willful or negligent.  *See Laugenour v. Northland Grp.*, No. 2:12-cv-2995 GEB DAD PS, 2013 U.S. Dist. LEXIS 98565, at *5-6 (E.D. Cal. July 12, 2013).  To adequately plead a willful or negligent FCRA violation, a plaintiff must allege specific facts to establish the defendant's requisite mental state, *see, e.g.*, *Espino*, 2018 U.S. Dist. LEXIS 220926, at *13 (holding that complaint failed to plead FCRA claim and recommending dismissal), *adopted by* 2018 U.S. Dist. LEXIS 220875, and pleading a negligent FCRA violation additionally requires allegation of actual damages; an alleged decrease in credit score and out-of-pocket expenses do not suffice. *See, e.g.*, *Gadomski v. Patelco Credit Union*, No. 2:17-cv-00695-TLN-AC, 2020 U.S. Dist. LEXIS 51070, at *8-11 (E.D. Cal. Mar. 23, 2020) (dismissing FCRA claims).

As shown below, the facts in the Complaint plausibly demonstrate that loanDepot *had* a permissible purpose, not that it lacked one.  Even if such a purpose were lacking, however, the Complaint does not set forth facts demonstrating loanDepot acted negligently—much less willfully.  Finally, Plaintiff has not met the pleadings standard for demonstrating resulting damages.  For each of these independent reasons the claim fails.

*SQUIRE PATTON BOGGS (US) LLP*
*555 South Flower Street, 31st Floor*
*Los Angeles, California 90071*

- 4 -

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**A.    Plaintiff Does Not (And Cannot) Allege Any Facts that Give Rise to a Reasonable Inference that loanDepot Lacked a Permissible Purpose.**

Plaintiff's Complaint should be dismissed because it fails to plead that loanDepot obtained Plaintiff's credit report without a permissible purpose, or alternatively that loanDepot had an impermissible purpose for obtaining Plaintiff's credit report—either of which is an essential prerequisite to stating a claim under the FCRA.

Section 1681b(f) of the FCRA "prohibits any person from using or obtaining a consumer report for anything other than permissible purposes." *Espino*, 2018 U.S. Dist. LEXIS 220926, at *11, *adopted by* 2018 U.S. Dist. LEXIS 220875.  Although a defendant bears the burden of establishing that it had a permissible purpose to obtain a consumer's credit report, a plaintiff still must allege "facts giving rise to reasonable inference that the defendant obtained his or her credit in violation of § 1681b(f)(1) to meet their burden of pleading." *Nayab v. Capital One Bank USA*, 942 F.3d 480, 487 (9th Cir. 2019).

**1.    The Complaint Contains No Allegations to Support Plaintiff's Legal Conclusion, Couched as a Factual Allegation, That loanDepot Lacked a Permissible Purpose.**

"As many courts in the Ninth Circuit have explained, bare allegations that the defendant did not have a permissible purpose for furnishing a credit report are not sufficient to state a claim under Section 1681b." *Tailford v. Experian Info. Sols., Inc.*, No. CV 19-02191-CJC (KESx), 2020 U.S. Dist. LEXIS 220758, at *15 (C.D. Cal. Nov. 18, 2020) (citation omitted) (dismissing FCRA claims for failure to plead permissible purpose), *aff'd*, 700 F. App'x 580 (9th Cir. 2017) (collecting cases)).

District courts within the Ninth Circuit routinely dismiss FCRA claims where a complaint fails to meet this burden, and instead contains nothing more than conclusory claims about a defendant's purported lack of permissible purpose. *See, e.g.*, *id.* at *14-16 (dismissing FCRA claims where plaintiffs "[did] not allege any facts supporting their claim," such as any allegation that defendant "lacked any reason to believe that the credit information disclosed would be used for a proper purpose"); *Slyzko v. Equifax Info. Servs.*, No. 2:19-cv-00176-JAD-EJY, 2020 U.S. Dist. LEXIS 52265, at *17 (D. Nev. Mar. 23, 2020)

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

(granting motion to dismiss FCRA claim as "wholly speculative" where plaintiff failed to allege that her information was used for impermissible purposes); *Jones v. Best Serv. Co.*, No. CV 14-9872 SS, 2017 U.S. Dist. LEXIS 16456, at *19 (C.D. Cal. Feb. 6, 2017) (dismissing FCRA claims that "consist[ed] largely of legal conclusions" and were "***almost entirely predicated on the erroneous assertion that Defendant was required to secure Plaintiff's express consent to access his credit report for any reason***") (emphasis added); *Smith v. Law Offices of Patenaude & Felix, A.P.C.*, No. 13-cv-3061, 2014 U.S. Dist. LEXIS 100557, at *7-8 (S.D. Cal. July 23, 2014) (claim that defendant violated the FCRA by obtaining credit report without permissible purpose and thereby reduced plaintiff's credit score was "conclusory and insufficient to state a claim without additional factual allegations"); *Tonini v. Mandarich Law Group, LLP*, No. 12cv637 WQH (WMC), 2012 U.S. Dist. LEXIS 94598, at *8-11 (S.D. Cal. July 9, 2012) (dismissing "vague and conclusory allegations" that defendant obtained credit report without permissible purpose); *Ewing v. Wells Fargo Bank*, No. CV11-8194-PCT-JAT, 2012 U.S. Dist. LEXIS 70310, at *11 (D. Ariz. May 21, 2012) (dismissing FCRA claims as "bald allegation" that the defendant had no permissible purpose for obtaining a credit report was insufficient).[2]

Here, the Complaint does not satisfy Plaintiff's initial burden of "alleging facts giving rise to a reasonable inference that [loanDepot] obtained her credit report for a purpose not authorized by statute." *See Nayab*, 942 F.3d at 499;[3] *see also Iqbal*, 556 U.S. at 678

---

[2] *See also Flury v. CSC Credit Servs.*, No. CV11-1166, 2012 U.S. Dist. LEXIS 11731, at *1 (D. Ariz. Feb. 1, 2012) (dismissing FCRA claims where complaint contained "a single conclusory allegation that his credit report was 'obtained without a permissible purpose.'"); *Makreas v. Moore Law Grp., A.P.C.*, No. C-11-2406, 2011 U.S. Dist. LEXIS 80485, at *1 (N.D. Cal. July 25, 2011) (same); *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C-02-05561 RMW, 2003 U.S. Dist. LEXIS 10070, at *16-18 (N.D. Cal. May 5, 2003) (dismissing plaintiff's FCRA claims where complaint's allegations gave rise to permissible purpose).

[3] This holds true even following *Nayab*. While some courts have assumed that *Nayab*'s standard is automatically met when a plaintiff pleads that a credit report was accessed for an impermissible purpose, *see, e.g.*, *Trim v. CMRE Fin. Servs.*, No. 20-cv-451-AJB-LL, 2021 U.S. Dist. LEXIS 48060, at *5 (S.D. Cal. Mar. 12, 2021), these cases are distinguishable as the plaintiff's allegations still included more detail and were not conclusory, unlike the Complaint here. *See id.* (plaintiff alleged specific details about a lack of relationship with defendant). Similarly, the factual

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

(complaint must contain sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

This is because the *only* allegations regarding loanDepot's purported lack of permissible purpose—with respect to her credit pull—are mere legal conclusions, which do not suffice to state a claim upon which relief can be granted.  Plaintiff claims, without *any* supporting factual allegations, that loanDepot "performed hard inquiries into Plaintiff's . . .  consumer credit reports without a permissible purpose."  Compl. ¶ 2; *see also id.* ¶ 1 (claiming loanDepot had a "practice of using or obtaining consumer credit reports without a permissible purpose); ¶ 23 (referencing loanDepot's "impermissible pull"); 25 (referencing "Defendant's impermissible inquiry"); ¶ 27 (claiming loanDepot accessed Plaintiff's credit report "without a permissible purpose").  These allegations, individually and collectively, merely recite the FCRA's text and are insufficient to state a claim.  Indeed, similar allegations have been routinely dismissed as deficient by district courts in the Ninth Circuit.  *See, e.g.*, *Tailford*, 2020 U.S. Dist. LEXIS 220758, at *14-16.  The same result should be reached here, and Plaintiff's FCRA claim should be dismissed for failure to state a claim.

### 2. Plaintiff's Purported Lack of "Permission" or "Consent" Is Entirely Irrelevant for Purposes of Her FCRA Claim.

As the Complaint demonstrates, loanDepot obtained Plaintiff's credit report in connection with a credit transaction—i.e., for a permissible purpose.  Plaintiff's allegations about a purported lack of consent lack any relevance to the merits of her FCRA claim.

"When permissible purposes exist, parties may obtain and consumer reporting agencies may furnish, consumer reports ***without the consumers' permission*** or over their objection."  16 C.F.R. pt. 600, app. (2005) (emphasis added); *see, e.g.*, *Landeis*, 2006 U.S. Dist. LEXIS 39826, at *12-13 ("Holding that [a consumer's] objections negate a right expressly granted under both the FCRA and its implementing regulations

---

allegations in *Nayab* were far more detailed than the Complaint here.  *See* 942 F.3d at 496 (plaintiff pleaded specific factual assertions concerning lack of permissible purpose).

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

inappropriately reads an authorization requirement into the FCRA that Congress nor the Federal Trade Commission elected to include.").

The Complaint focuses on Plaintiff's purported lack of permission for loanDepot to access her credit report.  *See, e.g.*, Compl. ¶ 19 (claiming that loanDepot "never asked for Plaintiff's permission" and that Plaintiff "never gave Defendant her implied or express consent" to pull her credit report); *see also id.* ¶ 31 (defining putative class as consumers who "had hard inquiries placed on their consumer credit reports by Defendant *without their authorization*") (emphasis added).[4]   But the FCRA itself merely requires a permissible purpose—not consent—to pull a consumer report.  *See* 15 U.S.C. § 1681b.[5]

Plaintiff's allegations are analogous to the allegations that the Central District of California found insufficient in *Jones*, in that they "consist largely of legal conclusions" and appear to be "almost entirely predicated on the erroneous assertion that [loanDepot] was required to secure Plaintiff's express consent to access [her] credit report for any reason." *See* 2017 U.S. Dist. LEXIS 16456, at *19.  As the *Jones* court concluded, "a credit report can be accessed without a consumer's permission for other 'permissible purposes' under the FCRA," and plaintiff's allegations "[did] not permit the Court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *See id.* (quoting *Iqbal*, 556 U.S. at 678).  The same is true here: the Complaint is entirely devoid of allegations that would suffice to state a claim under the FCRA.  The same result as *Jones*—dismissal of Plaintiff's fundamentally flawed FCRA claim—should be reached here.

---

[4] loanDepot's simultaneously filed Motion to Strike the Class Allegations explains in more detail why Plaintiff's class allegations are insufficient and should be struck from the Complaint, in the alternative to this Motion.

[5] Under the FCRA, explicit written permission of the consumer is only required when credit is being checked for employment purposes.  *See* 15 U.S.C. § 1681b(b).  The CCRAA, by comparison, does not have a written authorization requirement.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

### 3. The Only Plausible Inference that Can Be Drawn from the Complaint Is that loanDepot Obtained Plaintiff's Credit Report in Connection with a Credit Transaction.

Far from pleading factual allegations that reasonably imply that loanDepot lacked a permissible purpose, the Complaint itself makes clear that loanDepot had a permissible purpose, as it obtained Plaintiff's credit report in connection with a credit transaction.

The only plausible inference that can be drawn from the facts alleged is that loanDepot had a permissible purpose, and courts have dismissed complaints under similar circumstances. *See, e.g.*, *Laugenour*, 2013 U.S. Dist. LEXIS 98565, at *5-8 (dismissing FCRA claims where complaint "[did] not provide any further explanation" regarding "conclusory allegation" of a lack of permissible purpose and instead "impl[ied] that the defendants obtained plaintiff's credit report to collect a debt owed by plaintiff"); *Hutar v. Capital One Fin. Corp.*, No. 15-2100 (MJD/JJK), 2015 U.S. Dist. LEXIS 106594, at *11 (D. Minn. July 27, 2015) (recommending dismissal and denial of motion to amend where "the only plausible inference to draw from [the pleadings] is that the [defendants] intended to use the information from her credit report in connection with a credit transaction involving [plaintiff] and involving the possible extension of credit to her"), *adopted by* 2015 U.S. Dist. LEXIS 106776 (D. Minn. Aug. 12, 2015); *Kennedy v. Victoria's Secret Stores, Inc.*, No. 03-2691, 2004 U.S. Dist. LEXIS 19525, at *9 (E.D. La. Sep. 28, 2004) (dismissing FCRA claims where the facts indicated that the defendants obtained the consumer report "for the purposes of using the information to extend credit or to review or collect on an account").

Additionally, "[s]o long as the user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Crehin v. ARS Nat'l Servs.*, No. 8:13-cv-01497-SVW-JPRx, 2014 U.S. Dist. LEXIS 5487, at *6 (C.D. Cal. Jan. 9, 2014) (citation omitted); *see also id.* at *5-6 (noting that "[b]oth the FCRA and the CCRAA focus on whether the entity pulling the credit report 'intends' to use the information in connection with collecting a debt, and "[a] good faith belief that a debt exists is thus sufficient to satisfy these provisions"). In *Crehin*, for instance, the court found that the "complaint d[id] not state a plausible claim for relief" because it "did not include any

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

factual allegations suggesting that Defendant's intent in pulling Plaintiff's credit report was not to collect a debt." *Id.* at *6-7; *see also Hutar*, 2015 U.S. Dist. LEXIS 106594, at *11.

Here, Plaintiff claims that the credit pull stemmed from her online inquiry on LendingTree, "an online lending marketplace" that Plaintiff visited on August 14, 2019 in order to "s[eek] options for refinancing." Compl. ¶ 12.  The next day, Plaintiff spoke with a loanDepot representative and provided her personal information, allegedly to verify her identity. *Id.* ¶¶ 15-16.  She alleges, moreover, that loanDepot's credit pull "delay[ed] her refinancing." *Id.* ¶ 23; *see also id.* ¶ 26.  The only reasonable inference that can be drawn from these allegations is that in obtaining Plaintiff's credit report, the loanDepot representative "intend[ed] to use the information in connection with a credit transaction"— *i.e.*, in connection with Plaintiff's refinancing.  The Complaint, quite simply, fails to state a plausible claim for relief, and must be dismissed.

**B.      The Complaint Fails to Plead the Requisite Mental State for Any Violation of the FCRA.**

The Complaint fails to plead a claim for either negligent or willful violation of the FCRA, necessitating dismissal of this theory of liability.  Courts have consistently held that in regard to a plaintiff's obligation to allege that a defendant's violation was willful or negligent, "in order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report" and "[m]erely stating that the violation was 'willful' or 'negligent' is insufficient." *Shostack v. Diller*, No. 15-CV-2255, 2015 U.S. Dist. LEXIS 123777, at *27-28 (S.D.N.Y. Sep. 16, 2015) (dismissing FCRA claim where "[plaintiff's] allegations as to [defendants'] state of mind are merely conclusory"); *see also Abbink v. Experian Info. Sols.*, No. SA CV 19-1257-JFW(PJWx), 2019 U.S. Dist. LEXIS 217608, at *11 (C.D. Cal. Sep. 20, 2019) (dismissing willful FCRA claim with prejudice because "[i]n order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state," and "[m]erely stating that the violation was 'willful' or 'negligent' is

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

insufficient") (quotation omitted); *see also Galea v. Wells Fargo Bank, N.A.*, 388 F. Supp. 3d 1212, 1218 (E.D. Cal. 2019) (Mendez, J.) (same).

Here, Plaintiff does not plead ***any*** non-conclusory allegations regarding loanDepot's mental state, necessitating dismissal of her claim for negligent or willful violation of the FCRA. *See id.* Instead, the Complaint asserts the conclusory allegation that "Defendant violated section 1681b(f) of the FCRA by willfully and negligently using or obtaining a consumer report without a permissible purpose." Compl. ¶ 27; *see also id.* ¶ 26(e) (alleging conduct "was malicious, intentional, willful, reckless, and [] grossly negligent"); ¶ 50 (alleging violations were willful "or, in the alternative, negligent"). This is plainly inadequate under well-established FCRA precedent.

With respect to willfulness, "the Supreme Court [has] held that the FCRA's use of the term 'willful' requires a plaintiff to show that the defendant's conduct was intentional or reckless." *Syed v. M-I LLC*, No. 1:14-742, 2014 U.S. Dist. LEXIS 121123, at *4, *8-9 (E.D. Cal. Aug. 28, 2014) (citing *Safeco*, 551 U.S. at 57) (dismissing willful FCRA claim that relied merely on "'labels and conclusions' without factual content" as to defendant's mental state). Additionally, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69.

Consistent with these requirements, a plaintiff must allege, at minimum, that a defendant's reading of the FCRA is "objectively unreasonable"; a defendant's erroneous understanding of its statutory obligations is insufficient to establish willfulness. *Id.*; *see also Syed*, 2014 U.S. Dist. LEXIS 121123 at *5. Moreover, "[c]ourts have held that mere recitation of the standard is not sufficient, at the pleading stage, to establish the requisite mental state under Section 1681b(f)." *Espino*, 2018 U.S. Dist. LEXIS 220926, at *13.

For instance, in *Galea*, a court in this district held that a plaintiff failed to sufficiently allege that any of the alleged violations of the FCRA and the CCRAA raised in the

complaint were willful.  388 F. Supp. 3d at 1218.  This was because the plaintiff raised only "conclusory statements" regarding the defendant's purported known and reckless violations of the statutes that were "not entitled to the presumption of truth generally afforded to a plaintiff's allegations at this stage." *Id.* (citing *Iqbal*, 556 U.S. at 678-79); *see also Mnatsakanyan*, 2013 U.S. Dist. LEXIS 189380, at *21-23 (finding that "plaintiff has failed to state a claim for willful violation of the FCRA" in the absence of "any factual allegations regarding [defendant's] state of mind").  Likewise, Plaintiff here bases her willful FCRA claim on unsupported legal conclusions couched as factual allegations.

Plaintiff's allegations are also too conclusory to establish a negligent violation of the statute.  In addition to failing to plead actual damages, a necessary requirement of a claim of negligent violation of the FCRA (as explained more fully *infra*), the allegations in the Complaint relating to negligence are the exact same as the allegations that relate to willfulness, and lack sufficient factual allegations that would tend to show that loanDepot committed a negligent violation of the FCRA.  *See, e.g.*, Compl. ¶¶ 26(e), 27, 50.  Much like the allegations that were dismissed in *Espino*, Plaintiff has "alleged no specific facts to support her conclusory allegation that [loanDepot] acted willfully or negligently in obtaining her credit report without a permissible purpose."  2018 U.S. Dist. LEXIS 220926, at *13.  Instead, the Complaint is a "mere recitation of the standard," which plainly does not suffice to state a claim.  *See id.*

In sum, Plaintiff's FCRA claim is indistinguishable from the FCRA claim in *Galea*, *Espino*, and the other aforementioned cases, which were dismissed for failure to plead a cognizable FCRA claim.  *See, e.g.*, *Galea*, 388 F. Supp. 3d at 1218; *Espino*, 2018 U.S. Dist. LEXIS 220926, at *13; *Syed*, 2014 U.S. Dist. LEXIS 121123, at *4; *Mnatsakanyan*, 2013 U.S. Dist. LEXIS 189380, at *21-23.  The same result should be reached here.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**C.    Plaintiff's Claim for Negligent Violations of the FCRA Must Also Be Dismissed for Failure to Plead Actual Damages.**

Plaintiff's theory that loanDepot committed a negligent violation of the FCRA also should be dismissed for the independent reason that the Complaint fails to plead any actual damages Plaintiff suffered as a result of loanDepot's credit inquiry.

Claims for negligent violation of the FCRA under § 1681o "require[s] that plaintiff suffered some actual harm as a result of defendants' alleged FCRA violations." *Basconcello v. Experian Info. Sols.*, No. 16-cv-06307-PJH, 2017 U.S. Dist. LEXIS 39844, at *31-32 (N.D. Cal. Mar. 20, 2017) (granting motion to dismiss where FCRA complaint failed to allege actual damages); *see also Perl v. Am. Express*, No. 11-Civ-7347, 2012 U.S. Dist. LEXIS 7719, at *10 (S.D.N.Y. Jan. 19, 2012) (dismissing complaint, finding that allegations that a "pull" reduced plaintiff's credit score must also include "facts suggesting that such reduction proximately caused actual injury to the plaintiff"); *Young v. Harbor Motor Works*, No. 2:07-CV-0031, 2008 U.S. Dist. LEXIS 111909, at *13 (N.D. Ind. Dec. 18, 2008) (recommending dismissal of FCRA claim where plaintiff "has failed to allege actual damages. . . sufficient to raise the possibility of relief above the speculative level"), *recommendation adopted*, No. 2:07-CV-0031, 2009 U.S. Dist. LEXIS 5721 (N.D. Ind. Jan. 27, 2009).  The Complaint fails to satisfy this standard and therefore does not state a cognizable claim for negligent violation of the FCRA.  *See* Compl. ¶¶ 23-24, 26.

Consistent with this precedent, district courts in the Ninth Circuit have found that generalized allegations of harm are not sufficient to establish actual damages for purposes of the FCRA.  *See, e.g.*, *Gadomski*, 2020 U.S. Dist. LEXIS 51070, at *10; *Basconcello*, 2017 U.S. Dist. LEXIS 39844, at *31-32; *Jugoz v. Experian Info. Sols., Inc.*, No. 16-cv-05687, 2017 U.S. Dist. LEXIS 97656, at *6 (N.D. Cal. June 23, 2017) (dismissing FCRA claim because "plaintiffs have not alleged they sustained any actual injury as a result of their alleged diminished credit scores").

For instance, in *Gadomski*, the plaintiff alleged that as a result of defendants' purported FCRA violation "she suffered actual damages including reviewing credit reports,

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

sending dispute letters, attorney's fees, and further expenses."  2020 U.S. Dist. LEXIS 51070, at *3.  The plaintiff also alleged that she "was impeded in seeking necessary products and services from vendors, and suffered . . . emotional distress" as a result of her "damaged [] creditworthiness."  *Id.*  The court rejected these allegations as sufficient for purposes of stating a claim under the FCRA because, the court explained, "a plaintiff cannot recover damages for an impaired credit score alone."  *Id.* at *9-10 (citations omitted).  The court held that "[p]laintiff's alleged damages regarding her creditworthiness and out-of-pocket expenses ***are not sufficient to show actual damages***."  *Id.* at *10 (emphasis added) (also finding the "vague and conclusory" claims of emotional distress inadequate to support her FCRA claim); *see also Jugoz*, 2017 U.S. Dist. LEXIS 97656, at *6 (dismissing FCRA claims where plaintiffs "have not alleged they sustained any actual injury as a result of their alleged diminished credit scores").

The Complaint suffers from the same deficiencies, necessitating dismissal of Plaintiff's claim of negligent violation of the FCRA pursuant to § 1681o.  Plaintiff alleges that she "suffered damage to her credit and monetary loss connected with the delay caused to her refinancing" and "had to expend significant time and effort".  Compl. ¶¶ 23-24.  However, these allegations are no different than those rejected in *Gadomski* and other cases for failing to plead actual damages.  2020 U.S. Dist. LEXIS 51070, at *10; *see also Jugoz*, 2017 U.S. Dist. LEXIS 97656, at *6.

Plaintiff's additional allegations are likewise inadequate to establish any actual damages for purposes of her FCRA claim.  Plaintiff alleges that she suffered "[d]ecreased credit score and out of pocket losses related to delays in refinancing"; and "[o]ut of pocket expenses associated with disputing the information only to find the information to remain on the credit report."  Compl. ¶¶ 26(b)-(c).  As discussed *supra*, a decreased credit score, out of pocket losses, and out of pocket expenses are precisely the type of allegations that the *Gadomski* court found were "not sufficient to show actual damages."  *See, e.g.*, 2020

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

U.S. Dist. LEXIS 51070, at *10.  Plaintiff's allegations as to these types of damages are plainly not compensable as actual damages in the Ninth Circuit.

With respect to Plaintiff's allegations of "emotional distress and mental anguish," Compl. ¶ 26(a), district courts within the Ninth Circuit have found that "conclusory allegations of such are insufficient to state a claim."  *Campbell v. Anniemac Home Mortg.*, No. CV 16-08795-AB, 2017 U.S. Dist. LEXIS 222392, at *6 (C.D. Cal. Feb. 23, 2017) (dismissing FCRA claim); *see also Burnthorne-Martinez v. Sephora USA, Inc.*, No. 16-cv-02843-YGR, 2016 U.S. Dist. LEXIS 162905, at *17 (N.D. Cal. Nov. 23, 2016) (dismissing "general and conclusory" allegations of emotional distress "insufficient to state a claim" under FCRA); *Franklin v. Trans Union, LLC*, No. CV 19-0888-CBM-SHKx, 2019 U.S. Dist. LEXIS 218039, at *8-9 (C.D. Cal. Oct. 8, 2019) (dismissing FCRA claim as allegation that "[p]laintiff has suffered credit and emotional damages" fails to plead actual damages). Rather, allegations of emotional distress or similar must be supported by "specific claims of genuine injury."  *See Campbell*, 2017 U.S. Dist. LEXIS 222392, at *6.  Here, Plaintiff alleges only generally that she suffered "[e]motional distress and mental anguish" associated with the accessing of her credit report.  Compl. ¶ 26(a).  The Complaint is devoid of any factual allegations to support this claim or suggest that Plaintiff suffered any "genuine injury", which is precisely the type of conclusory assertion that was found to be insufficient in *Campbell* and *Burnthorne-Martinez*, among others.

Plaintiff's claim of actual damages are wholly conclusory and merit dismissal of her claim that loanDepot committed negligent violations of the FCRA pursuant to § 1681o.

## II.    The CCRAA Claim Fails for the Same Reasons and Should Be Dismissed.

Based on the same conclusory allegations, Plaintiff also asserts a claim for violation of the CCRAA, which is similarly fundamentally flawed and must be dismissed.  *See* Compl. ¶¶ 1-2, 38, 51-55.  This is for the simple reason that "the CCRAA is substantially based on the [FCRA]," *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (internal quotation marks and citation omitted), and "[t]he CCRAA mirrors the

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

provisions of the FCRA," *Guimond*, 45 F.3d at 1335.  Indeed, "because the CCRAA is substantially based on the [FCRA], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions."  *Carvalho*, 629 F.3d at 889 (internal quotation marks and citation omitted). Plaintiff's CCRAA claim thus fails for the same reasons Plaintiff's FCRA claim fails.

*First*, Plaintiff's CCRAA claim fails in its entirety because the Complaint fails to plead any facts suggesting that loanDepot obtained her credit report for an impermissible purpose, and instead imply that a permissible purpose was present—i.e., that loanDepot obtained the credit report in connection with a credit transaction.  The CCRAA's permissible purposes are for all relevant purposes identical to the FCRA's, and the CCRAA allows disclosure of credit information to an entity that "[i]ntends to use the information in connection with a credit transaction" that involves extending credit to the consumer.  Cal. Civ. Code § 1785.11(a)(3)(A).

Just as with the cases dismissing FRCA claims for failure to plead allegations that give rise to the plausible inference of an impermissible purpose, courts have dismissed parallel CCRAA claims on the same grounds.  *See, e.g.*, *Jackson v. Capital Mgmt. Servs., LP*, No. CV 13-8267-DMG-SHx, 2014 U.S. Dist. LEXIS 191639, at *4-6 (C.D. Cal. July 21, 2014) (dismissing CCRAA claim where plaintiff "wholly fail[ed] to plead any facts suggesting that [defendant] obtained his report for an impermissible purpose"); *Kermani v. Law Office of Joe Pezzuto, LLC*, 993 F. Supp. 2d 1187, 1190 (C.D. Cal. Jan. 23, 2014) (dismissing claims for "fail[ing] to state a claim for obtaining a consumer report without a permissible purpose in violation of the FCRA and the CCRAA"); *Thompson v. Prof'l Collection Consultants*, No. CV 13-2474-RGK (JCGx), 2013 U.S. Dist. LEXIS 194028, at *12-13 (C.D. Cal. Sep. 18, 2013) (dismissing "conclusory and vague allegations [that] fail[ed] to adequately state a claim" under CCRAA). As detailed above, Plaintiff's Complaint fails to include any factual allegations beyond conclusory and vague claims of an impermissible purpose, and the Complaint thus fails to plausibly plead a CCRAA claim.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Second*, to the extent Plaintiff pleads a willful CCRAA violation—which is unclear from the Complaint itself—Plaintiff has failed to plead any non-conclusory facts that loanDepot acted with a mental state to support a claim under the statute, and this claim also fails.  *See* Cal. Civ. Code § 1785.31 (providing for recovery of damages for only negligent or willful conduct); *cf. Quinlan v. CitiMortgage, Inc.*, No. 2:11-cv-00986-MCE-EFB, 2011 U.S. Dist. LEXIS 126714, at *8 (E.D. Cal. Nov. 2, 2011) (dismissing CCRAA claim where plaintiffs alleged only that the defendant should have known that information provided to reporting agencies was inaccurate but did not provide any further specificity).[6] Because there is no allegation regarding loanDepot's mental state—not even any allegation that would support negligence—the allegations relating to CCRAA violations thus should be dismissed in their entirety.

*Third*, Plaintiff's CCRAA violations should be dismissed for failure to plead any actual damages.  "[P]laintiff cannot recover under the CCRAA without proving actual harm."  *Duarte v. J.P. Morgan Chase Bank*, No. CV 13-1105-GHK (MANx), 2014 U.S. Dist. LEXIS 190291, at *8 (C.D. Cal. Apr. 7, 2014) ("[A]ctual damages are a prerequisite to recovering punitive damages (and injunctive relief) under the CCRAA."); *see also Trujillo v. First Am. Registry, Inc.*, 68 Cal. Rptr. 3d 732, 738 (Ct. App. 4th Dist. 2007) ("Actual damage, not 'inherent harm,' is required to state a CCRAA cause of action."), *overruled on other grounds*, *First Student Cases*, 423 P.3d 953, 960 (Cal. 2018).  As with the FCRA, alleged negative reporting (impaired credit) does not constitute actual damages under the CCRAA.  *See Duarte*, 2014 U.S. Dist. LEXIS 190291, at *10-11.   Just as Plaintiff's negligent FCRA claim fails for failing to plead any actual damages, Plaintiff's CCRAA claim fails for the same reasons and should be dismissed.

---

[6] Although the Complaint references the CCRAA's prohibition on obtaining a consumer credit report under false pretenses, the Complaint does not specifically allege or even imply that Plaintiff's credit report was obtained under false pretenses.  *See* Compl. ¶ 53.

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## **CONCLUSION**

For the foregoing reasons, Defendant loanDepot respectfully requests that this Court dismiss Plaintiff's Complaint in the entirety.

Dated:  June 10, 2021                              Respectfully submitted,

Squire Patton Boggs (US) LLP

By:  */s/ Eric J. Troutman*
Eric J. Troutman
Attorney for Defendant
LoanDepot.com, LLC

- 18 -

NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS